UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

PAUL SAULNIER

No. 13 CR 717

Judge Rebecca R. Pallmeyer

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.    The United States provided discovery materials to the defense which contain the names of victims of the alleged offense in this case, as well as other information associated with the victims, including their email addresses and bank account information.[1]  Such victim information is reflected in discovery materials such as reports of interviews of the victims, checks of the victims, and emails between the victims and the defendant.   The discovery materials that contain such victim information shall be referred to herein as "Victim Materials" and shall be stamped by the government prior to production as "Confidential."  Any document that only has the name of a victim on it – and does not contain other victim identification information such as an email address, phone number, bank account number or other similar identification information -- shall not be deemed "Victim Materials" or "Confidential."  The Victim Materials provided by the United States in

---

[1] Other victim identification information, such as social security numbers, dates of birth, addresses, and phone numbers, has generally been redacted.  To the extent that any victim identification information has not been redacted from the discovery, such discovery materials shall be part of the Victim Materials, as defined herein.

preparation for, or in connection with, any stage of the proceedings in this case are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the Victim Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the Victim Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Victim Materials except in order to provide copies of the Victim Materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original Victim Materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Victim Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Victim Materials.

5.    Before providing Victim Materials to potential witnesses and their counsel (a subcategory of authorized persons), defense counsel must provide the authorized person with a copy of this Order.

6.    Upon conclusion of all stages of this case, all of the Victim Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Victim Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Victim Materials. In the event that the Victim Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Victim Materials are so maintained, and the Victim Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7.    The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

8.    Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_Rebecca Pallmeyer_

REBECCA R. PALLMEYER
District Judge
United States District Court
Northern District of Illinois

Date:  _Dec. 12, 2013_